UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

BRANDEN MCAFEE,

    Plaintiff,

          v.

TRANSUNION LLC,

    Defendant

Case No. 1:24-cv-168

Barrett, J.
Bowman, M.J.

**MEMORANDUM OPINION AND ORDER**

On March 28, 2024, Plaintiff Branden McAfee, a frequent litigant in this Court,[1] paid the requisite filing fee and filed a pro se complaint against Defendant TransUnion, LLC ("Trans Union")[2] under the Fair Credit Reporting Act. Currently pending is Plaintiff's motion to compel discovery, (Doc. 13), to which Defendant has filed a response in opposition, and Plaintiff has filed a reply. Having reviewed the parties' memoranda, the Court denies Plaintiff's motion.

**I.    Analysis of Plaintiff's Motion to Compel**

Plaintiff's motion to compel states that he submitted Requests for the Production of Documents to Defendant on September 30, 2024, but that Trans Union did not produce

---

[1] Since 2022, Plaintiff has paid the requisite filing fee in ten cases in this Court, all of which have been filed under the Fair Credit Reporting Act and/or the Fair Debt Collection Practices Act. Eight of the cases have been dismissed; the above-captioned case and one other case remain pending. *See*, e.*g*., Nos. 1:22-cv-110-SJD-SKB (closed pursuant to settlement 5/13/22), 1:22-cv-216-MRB-KLL (closed pursuant to settlement 5/20/22); 1:23-cv-351-DRC-KLL (closed pursuant to settlement 8/16/23), 1:23-cv-393 (motion for summary judgment pending); 1:23-cv-444-JPH-KLL (closed pursuant to settlement 4/15/24), 1:23-cv-586-JPH-SKB (voluntarily dismissed without prejudice in response to motion to dismiss by Defendant), 1:23-cv-811-DRC-SKB (dismissed pursuant to settlement 4/16/24), 1:24-cv-168-MRB-SKB (above), 1:24-cv-474-DRC-SKB (dismissed without prejudice on 12/9/24 for failure to state a claim); 1:24-cv-715-DRC-SKB (dismissed with prejudice on 2/7/25 for failure to state a claim and as duplicative, appeal pending).
[2] Defendant identifies its name as "Trans Union, LLC" rather than "TransUnion, LLC."

its responses until November 8, 2024. (Doc. 13, PageID 93). Four days later, Plaintiff filed his 11-page motion to compel, supported by 35 pages of exhibits.[3]

Plaintiff asserts that he made "reasonable efforts to resolve this matter without court intervention," but "believes a court order is necessary to compel the production of the requested documents and may be required for future discovery issues that may arise." (*Id.*, PageID 94). Within his motion, he complains generally – and without discussion of any *specific* response - that all of Defendant's responses are "evasive, incomplete and riddled with baseless objections," and that Trans Union has failed to produce a privilege log despite objecting to the production of "privileged information." (*Id.*, PageID 93). As relief, he seeks an order stating that Defendant's objections are waived and requiring them to produce all documents responsive to 19 separate requests, for Defendant to "produce a privilege log" for any document for which a claim of privilege has been asserted; to "[e]nter a protective order" to allow production of confidential documents, and to require Trans Union to produce a "Rule 30(b)(6) witness for deposition." (*Id.*, PageID 95).

Defendant filed an 18-page response in opposition, which is well-taken for multiple reasons. First and foremost, Trans Union's response confirms that Plaintiff failed to fully comply with Fed. R. Civ. P. Rule 37(a)(1) and with Local Rule 37.1 prior to filing his motion to compel. Although the Court will briefly address the merits, Plaintiff's procedural violation alone warrants denial of his motion.

---

[3]While appearing in the electronic record of this Court as a 46 page motion, inspection of the document reflects that it is comprised of 11 pages, to which Plaintiff has attached copies of his discovery requests and Defendant's responses.

2

S.D. Ohio Civ. R. 37.1, entitled "Consultation Among Counsel; Informal Discovery Dispute Conference," provides:

> Objections, motions, applications, and requests relating to discovery shall not be filed in this Court under any provision in Fed. R. Civ. P. 26 or 37 **unless the parties have first exhausted among themselves all extrajudicial means for resolving their differences.** After extrajudicial means for the resolution of differences about discovery have been exhausted, in lieu of immediately filing a motion under Fed. R. Civ. P. 26 or 37, any party may first seek an informal telephone conference with the Judge assigned to supervise discovery in the case.

*Id.* (emphasis added).

Federal Rule of Civil Procedure 37(a)(1) contains a similar requirement that any motion to compel "**must contain a certification** that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.* Plaintiff's motion includes no formal certification but summarily claims that Plaintiff made "reasonable efforts" to resolve the dispute – a statement that is patently false based on the record presented.[4]

In addition to the referenced Local and Federal Rules, both the presiding district judge and the undersigned magistrate judge expressly prohibit motions to compel prior to compliance with Standing Orders. U.S. District Court Senior Judge Michael R. Barrett presides over this civil action, with non-dispositive matters referred to the undersigned magistrate judge. Section D of Judge Barrett's Standing Order regarding civil trial procedures states:

> THIS COURT DOES NOT PERMIT DISCOVERY MOTIONS, i.e. motions to compel or motions for protective order regarding discovery disputes, unless and until counsel use the following procedure: Counsel must first attempt to resolve disputes by extrajudicial means (required by S.D. Ohio Civ. R. 37.1 * * *). **This Court defines [extrajudicial means] as requiring**

---

[4]Despite being pro se, Plaintiff appears to have been aware of his Rule 37 obligations, having cited to the "mandate[] to engage in a good-faith effort to resolve" discovery disputes "before pursuing court involvement," in an email directed to defense counsel. (Doc. 14, PageID 144).

3

> **counsel to try to resolve the matter both in writing and telephonically**. If counsel are unable to resolve the dispute between themselves, then they must contact the Court's Courtroom Deputy * * *, and a telephone conference with all counsel and the Court will be scheduled as soon as possible.

*Id.* (emphasis added).

The undersigned's Standing Order similarly states that this Court "does not allow motions relating to discovery until an informal discovery conference…is held." An informal discovery conference with the Court may be scheduled only <u>after</u> the parties have exhausted "<u>all</u> extrajudicial means of resolving" their dispute. *See Bowman General Standing Order on Civil Procedures* (emphasis added). The undersigned's Standing Order applies to cases referred under 28 U.S.C. § 636(b) as well as to cases in which the parties have consented to final judgment by a magistrate judge under 28 U.S.C. § 636(c). When a presiding district judge's procedures differ in a case referred under §636(b), the parties must comply with the district judge's procedures. *See Bowman General Standing Order*, n.1.

Plaintiff's motion violates the referenced procedural rules and the Standing Orders of both the presiding district judge and the presiding magistrate judge. Rather than fully engaging in good faith dialogue and truly exhausting extrajudicial efforts prior to turning to this Court for intervention, and including a certification that sets forth those efforts in detail. Plaintiff suggests he made "reasonable efforts." under 37. But a review of Plaintiff's communications to Defendant confirms that Plaintiff's efforts were neither reasonable nor exhaustive.[5] A November 5 email from Plaintiff warns that a failure to respond within a 3-

---

[5] Defendant has provided this Court with copies of communications between the parties.

4

day deadline will result in a motion to compel. Such a short deadline, with no prior communication, is unreasonable.

Nevertheless, Trans Union met the deadline by serving 244 pages of responsive documents on November 8, Plaintiff made virtually no further attempt to resolve any remaining issues (nor did he alert opposing counsel that there were any such issues) save for a November 8 request that Defendant produce a privilege log by November 11. Again, Trans Union attempted to meet Plaintiff's short deadline, clarifying that no privileged documents had been reviewed or withheld and that Trans Union would prepare a proposed Stipulated Protective Order for Plaintiff's review prior to disclosing confidential business records.[6] Plaintiff had no further communication with defense counsel. But the next day, Plaintiff filed his motion to compel. The Court could deny Plaintiff's motion solely based his procedural violation of the civil rules and this Court's Standing Orders, but writes further to briefly consider the merits of Plaintiff's motion in hopes of aiding the parties in their extrajudicial resolution of future disputes.

Plaintiff's motion seeks waiver of Defendant's objections based upon the alleged tardiness of Defendant's production. Technically, Plaintiff is correct in asserting that based on the service date of his Requests, responses were due at the end of October. But in an November 5, 2024 email, Plaintiff clearly states that Defendant's deadline for producing responsive documents "is November 8, 2024." (Doc. 14, PageID 149). In hindsight, it appears Plaintiff intended the new "deadline" to relate to his threatened motion to compel. But it is easy to understand why defense counsel took the stated deadline at face value. After all, it is common and courteous civil litigation practice - as

---

[6]No Stipulated Protective Order has yet been tendered to this Court.

5

well as explicitly required by civil rules - to communicate with opposing counsel concerning routine matters such as a short extension of time for providing discovery responses.[7] Given the deadline stated in Plaintiff's email, the Court views Defendant's responsive documents as sufficiently timely.[8]

As Defendant points out, Plaintiff's motion is also deficient insofar as he fails to identify with specificity which of Defendant's responses - or which objections to specific Requests - remain in dispute. In his reply memorandum, Plaintiff essentially states "all of them," (*see* Doc. 15). But he still does not address any specific objections or responses provided to 14 of his 19 Requests. That is not good enough. If either party seeks to bring a future dispute before this Court by way of an informal discovery conference (not an improperly filed motion), the Court expects that a far more extensive meet-and-confer process will result in the appropriate distillation of narrow and specific issues.

Last, Plaintiff accuses Trans Union of bad faith as part of a strategy "to run down the [discovery] clock." (Doc. 15, PageID 151). To the extent that Plaintiff's improper motion was based on a then-looming discovery deadline, the Court notes the recent extension of all pretrial deadlines. The current fact discovery period does not expire until May 13, 2025, with an expert discovery deadline of July 15, 2025. The current dispositive motion deadline is July 15, 2025.

## II. Conclusion and Order

For the reasons stated, **IT IS ORDERED THAT:**

---

[7] Plaintiff would be well-advised to review the "Introductory Statement on Civility" in the Local Rules, which "emphasize[s]… the ideals that ought to guide behavior for all those appearing in the Southern District of Ohio." Those ideals include but are not limited to the concept that "[e]very lawyer, litigant, and Judge is entitled to expect, and should be accorded, the courtesy and respect described in this Statement."

[8] That said, Defendant should ensure that any future deadlines are met, and/or should communicate with Plaintiff if a reasonable extension is necessary.

1. Plaintiff's motion to compel (Doc. 13) is **DENIED;**

2. Neither party shall file any discovery-related motion unless extrajudicial efforts to resolve the dispute have been fully exhausted, and the Court has expressly authorized the filing of a written motion after an informal discovery conference;

3. Prior to seeking an informal discovery conference, the requesting party must exchange more than one written letter or email and at least one phone call to substantially narrow (if not fully resolve) disputed issues.

4. If an informal discovery conference is necessary, the parties may jointly reach out by telephone to the Courtroom Deputy, Kevin Moser, for scheduling. If only one party contacts the Court, that party must ensure that they have first communicated to the opposing party their belief that Court intervention is necessary.

      _s/Stephanie K. Bowman_
      Stephanie K. Bowman
      United States Magistrate Judge